UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X

RICHARD LACH,

        Plaintiff,

-against-

THE UNITED STATES OF AMERICA
SECRETARY OF TREASURY,

        Defendant.

05-CV-1081 (ARR)

------------------------------------------------------X

RICHARD LACH,

        Plaintiff,

-against-

VATICAN TREASURY DEPARTMENT,

        Defendant.

05-CV-1156 (ARR)

------------------------------------------------------X

RICHARD LACH,

        Plaintiff,

-against-

POLAND TREASURY DEPARTMENT,

        Defendant.

05-CV-1157 (ARR)

------------------------------------------------------X

RICHARD LACH,

        Plaintiff,

-against-

GERMANY TREASURY DEPARTMENT,

        Defendant.

05-CV-1158 (ARR)

------------------------------------------------------X

**MEMORANDUM AND ORDER** 

ROSS, United States District Judge:

Plaintiff, appearing *pro se*, brings these four actions alleging that he is owed money by defendants. Plaintiff seeks $11,111,111,111 from the first named defendant, $111,111,111 from the second, 1,111,111,111 Polish zlotys from the third, and 1,111,111,111 Deutschmarks from the fourth. The Court grants plaintiff's request to proceed *in forma pauperis* and consolidates these matters solely for the purpose of this order. The complaints are dismissed for the reasons set forth below.

Background

In the first complaint captioned above, plaintiff alleges:

> "My claim based on non-precedent I.R.S. report 1040 2000 for SSN [number] named Richard Lach: $11,111,111,111. – or the best defendant proposal. I'm attaching a copy of 1040 2000 I.R.S. report and two sensitive copies of my food stamps problem ... "

Plaintiff's other three complaints against foreign treasury departments are virtually identical to each other except for the defendants named and the amount sought in each one. Each complaint alleges:

> "Plaintiff claim based on 28 U.S.C. § 1332(a)(4) is: [money plaintiff seeks] – (in the U.S. and foreign currencies as well as valuable properties; treasury obligation we will make on proper tax form in the court; some treasury bonds in the amount of 5% of basic claim will be preferred. I'm living for 18 years and now in financial poverty, so I'm asking U.S. court for I.P.F. trial."

To illustrate his financial problems, plaintiff attaches to each of the four complaints a page of a 2000 tax return form that he submitted in a previous case, see Lach v. Comm'r of Soc. Sec., 05-CV-0080 (ARR) (pending), and documents concerning a dispute with the United States Department of Agriculture which form the basis of another action recently filed in this Court. See Lach v. United States Dep't of Agric., 05-CV-1080 (ARR) (pending).

Discussion

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is "frivolous" when either: (1) "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy;" or (2) "the claim is 'based on an indisputably meritless legal theory.'" Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998) (citation omitted).

The Supreme Court has observed that a "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible whether or not there are judicially noticeable facts available to contradict them." Denton v. Hernandez, 504 U.S. 25, 33 (1992). Plaintiff's complaints are devoid of merit and clearly frivolous or malicious within the meaning of Denton and § 1915.

Conclusion

Accordingly, the complaints filed *in forma pauperis* are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). In addition, plaintiff is hereby cautioned that the further filing of non-meritorious complaints requesting *in forma pauperis* status may result in the issuance of an order barring the acceptance of any future complaints for filing without first obtaining leave of court to do so. 28 U.S.C. § 1651. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Allyne R. Ross
United States District Judge

Dated: Brooklyn, New York
March 10, 2005

3